IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| GRAPHIC PACKAGING INTERNATIONAL, INC., a Delaware corporation, </br></br>       Plaintiff, </br></br> vs. </br></br> C.W. ZUMBIEL CO., an Ohio corporation, </br></br>       Defendant. | Civil Action No.  3:10-cv-891-99TJC-JBT |

**PLAINTIFF'S UNOPPOSED MOTION TO SEAL, AND TO FILE IN PAPER FORMAT, MOTION, MEMORANDUM AND THREE AFFIDAVITS REGARDING UPCOMING MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Local Rule 1.09 and Part III.A. of this Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Plaintiff Graphic Packaging International, Inc. ("Graphic") respectfully moves the Court for entry of an Order allowing Graphic to file under seal, and in paper format, a Motion incorporating a Memorandum of Legal Authority ("combined Motion and Memorandum") and three affidavits in support of a Motion for Preliminary Injunction.  Specifically, Graphic requests permission to file under seal and in paper format: (1) the combined Motion and Memorandum; (2) the Affidavit of Mr. Barry D. Biddle; (3) the Affidavit of Mr. Tod R. Hoyme; (4) the Affidavit of Mr. Earl M. Williams III (hereinafter collectively "Listed Items").  Defendant, through its counsel, consents to this Motion.

In this patent infringement case, Graphic intends to file, once the Court rules on this Motion to Seal, a Motion for Preliminary Injunction involving facts bearing upon Graphic's relationship with a customer (hereinafter "the Customer") that presently

purchases beverage cartons from Graphic.  That relationship is governed by a contract, the terms of which must be kept confidential pursuant to that contract.  Graphic needs for the Listed Items to be sealed to: (1) protect the relationship between Graphic and its customer, as publication of the statements contained in the Listed Items could harm that relationship; (2) protect the careers of certain personnel employed by the Customer who are mentioned in the Listed Items; (3) ensure protection against public disclosure of details concerning the contractual relationship between the Customer and Graphic, given a confidentiality obligation imposed by the contract; and (4) in the case of Mr. Hoyme's affidavit, to protect against the disclosure of financial information that could negatively impact Graphic's pricing with other customers.

**MEMORANDUM IN SUPPORT OF
<u>PLAINTIFF'S UNOPPOSED MOTION TO SEAL, AND TO FILE IN PAPER
FORMAT, MOTION, MEMORANDUM AND THREE AFFIDAVITS
REGARDING UPCOMING MOTION FOR PRELIMINARY INJUNCTION</u>**

**I.     INTRODUCTION AND FACTS**

This is a patent infringement case for which Graphic seeks preliminary injunctive relief enjoining Defendant from infringing two patents owned by Graphic.  These patents concern beverage cartons, the blanks that are folded and glued to comprise the cartons, and packages formed by the insertion of foodstuff containers, such as beverage cans, into the cartons.

Graphic supplies beverage packaging to major beverage producers, one of whom is the Customer mentioned in the Affidavits.  The business relationship between Graphic and the Customer is defined in a supply agreement, and Graphic is contractually bound to keep the terms of that agreement confidential. The Defendant, C.W. Zumbiel Company ("Zumbiel"), as well as Graphic, supply the Customer with blanks (or partially-formed

cartons called "sleeves"), which the Customer then forms into cartons and ultimately, packages for sale to the end user (consumer).

The present patent dispute arose when Graphic learned that in the first quarter of 2011, the Customer will be launching a new carton that is to be supplied by Zumbiel and that is the subject of Graphic's complaint in this case. To show diligence leading up to the time of filing of this Action and the bringing of the upcoming motion, the Listed Items detail Graphic's efforts to resolve the matter with the Customer, before being forced to take legal action against Zumbiel. The description of those efforts includes recounting specific communications between respective personnel from Graphic and from the Customer, which in the aggregate do not portray the Customer's conduct in a favorable light. Additionally, to demonstrate irreparable harm the Affidavit of Tod R. Hoyme discloses financial information that Graphic believes may negatively impact Graphic's pricing with other customers.

## II.  DISCUSSION

Graphic discusses below the information required by Local Rule 1.09(a), in the order recited therein.

**(i)   An Identification and Description of Each Item Proposed for Sealing.**

As mentioned *supra*, Graphic seeks an order allowing Graphic to file under seal and in paper format: (1) a combined Motion, and supporting Memorandum, for Preliminary Injunction and Request for Oral Argument; (2) an Affidavit of Barry D. Biddle (including Exhibits A-D thereto); (3) an Affidavit of Tod Hoyme; and (4) an Affidavit of Earl M. Williams III.

**(ii)     The Reason that Filing Each Item is Necessary.**

The filing of the Motion and Memorandum are necessary because Defendant's violation of Graphic's patents will cause irreparable harm to Graphic if permitted to continue thus necessitating the filing of this action and Graphic's request for injunctive relief.

The filing of the Affidavit of Barry D. Biddle is necessary to authenticate copies of the patents-in-suit, to discuss drawings therein to aid in claim interpretation as a step in the infringement analysis to show likelihood of success on the merits, and to discuss his pre-filing efforts to resolve the present dispute.

The filing of the Affidavit of Tod R. Hoyme is necessary to discuss his pre-filing efforts to resolve the present dispute, to introduce facts bearing upon the showing of irreparable harm required by Local Rules 4.06(b)(1) and 4.05(b)(4), and to introduce facts bearing upon the setting of a preliminary injunction bond, as required by Local Rule 4.06(b)(1) and 4.05(b)(3).

The filing of the Affidavit of Earl M. Williams is necessary to discuss the timing of events relevant to the need for preliminary injunctive relief, to discuss his unsuccessful efforts to obtain information from the Customer regarding the accused product, and to introduce additional facts bearing upon the setting of a preliminary injunction bond, as required by Local Rules 4.06(b)(1) and 4.05(b)(3).

**(iii)     The Reason that Sealing Each Item is Necessary.**  As mentioned above, sealing each item is necessary to: (1) protect the relationship between Graphic and its customer, as publication of the statements contained in the Listed Items could harm that relationship; (2) protect the careers of certain personnel employed by the Customer who

are mentioned in the Listed Items; (3) ensure protection against public disclosure of details concerning the contractual relationship between the Customer and Graphic, given a confidentiality obligation imposed by the contract; and (4) in the case of Mr. Hoyme's affidavit, to protect against the disclosure of financial information that could negatively impact Graphic's pricing with other customers. Additionally, specifically as to the supporting Memorandum, it will include reproductions of photographs of the accused carton, which bears a trademark that will readily identify who the Customer is.

    **(iv)** **The Reason that a Means Other Than Sealing is Unavailable or Unsatisfactory to Preserve the Interest Advanced by the Movant in Support of the Seal.**

A means other than filing under seal is unsatisfactory or unavailable to preserve the confidentiality required by the contract between Graphic and the Customer. Moreover, no other means would allow Graphic to present evidence required for a preliminary injunction without risking adverse consequences from such a presentation. While another alternative would be to hold back some confidential evidence and not file it, this option is not possible because the evidence is critical to the Court's ruling on the injunction motion, and it is only through filing under seal that Graphic can freely and without inhibition provide the Court with the full breadth of evidence that it believes the Court will consider relevant and imperative to a ruling on the motion for preliminary injunction.

    **(v)** **Statement of Proposed Duration of the Seal.** Graphic proposes that the Seal last from the date this Motion is granted to the date that is 3 months from the date

that this case is finally closed or, if an appeal is taken, from the date this Motion is granted until the date that is 30 days after the filing and recording of the mandate from the Court of Appeals.  *See* Local Rule 5.04(c)(3).  This case has been given a "Track 2" designation, meaning that the Court will endeavour to have it tried 12-18 months from the September 29, 2010 filing date of this action.  *See* Dkt. No. 4.  To the extent the case is closed later than a year from the present date, Graphic submits that good cause exists to allow the duration of the seal to extend beyond the one-year period set forth in Local Rule 1.09(c).  Within the time provided in Local Rule 5.04(c)(3), Graphic's counsel will take from the Court all items that will have been allowed to have been filed under seal and in paper format.

      **(vi)**     **Memorandum of Legal Authority Supporting the Seal.**

The public's constitutional right of access to court records has a more limited application in the context of civil litigation than it has in the context of criminal proceedings.  *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir. 2001).  The public has a common-law right of access to judicial proceedings, which includes the right to inspect and copy public records and court documents.  *Id.* at 1311.   The right to inspect and copy is not absolute and requires a balancing of competing interests.  *Id.*  at 1311.  "In evaluating motions to seal, the district court must balance the party's interest in keeping the information confidential against the public interest in accessing court documents."  *Capsmith, Inc. v. Wysopal*, No. 6:07-cv-1572-Orl-22KRS, 2009 WL 277075, at *1 (M.D. Fla. Feb. 5, 2009) (*citing Chicago Tribune, supra* at 1314-15 and *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005)).  The factors courts consider in this balancing include:

>whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. [*Romero*, 480 F.3d at 1246.]

Here, allowing access to the Listed Items would harm legitimate privacy interests because, as has been explained, the relationship between Graphic and the Customer is defined by a Supply Agreement that imposes confidentiality obligations, and the upcoming Motion for Preliminary Injunction includes details that, while not divulging the terms of that agreement, name employees of the Customer who interact with Graphic pursuant to that agreement. Allowing public viewing of less-than-flattering conduct from such persons would inflict greater harm on the current relationship between Graphic and the Customer. Moreover, Graphic's strenuous, though unsuccessful, efforts to resolve the patent dispute with the Customer are important to show Graphic's diligence in seeking preliminary injunctive relief. This Court characterized the interest in maintaining privacy a "compelling" one in other circumstances involving contractual confidentiality obligations. Specifically, in *Trailer Bridge, Inc. v. PCS Nitrogen, Inc.*, No. 3:09-cv-675-J-25MCR, 2009 WL 2231704, at *1 (M.D. Fla. July 24, 2009), the plaintiff moved to seal Exhibit A to the Complaint, which comprised a "Transportation Contract and Schedule A." *Id.* This Court observed: "Both documents are material to the issues in the litigation and contain clauses requiring them and all terms and conditions contained in them to be treated as confidential and exempt from publication to third parties." *Id.* After quoting Local Rule 1.09, the Court then ruled: "[T]he Court finds there is a compelling interest in protecting the information and the sealing of these documents is narrowly tailored to that interest." *Id.*

Regarding the additional ground of seeking to protect the careers of certain personnel employed by the Customer, courts in the discovery context may issue protective orders to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense," FED. R. CIV. P. 26(c)(1). While this is not a discovery matter, sealing the Listed Items would have the same effect as protecting the mentioned Customer employees from embarrassment that would reasonably be expected from public disclosure of their less-than-flattering during the course of Graphic's efforts to resolve the dispute before bringing suit.

There is no public interest even approaching the weight of the private interests discussed above. Although patents generally are public documents, the dispute is between two corporations and does not involve any public officials or public concerns. Furthermore, since Defendant has given its consent to this Motion, there can be no prejudice to Defendant resulting from sealing the Affidavits. Thus, the balancing weighs overwhelmingly in favor of the private interest in maintaining confidentiality of the Listed Items. *See Jadael, Inc. v. Elliott*, No. 6:05-cv-1623, 2006 WL 2830872, at *2 (M.D. Fla. Sept. 29, 2006) (granting motion for leave to seal exhibits offered at hearing on preliminary injunction in trade secret litigation in light of good cause shown by party and absence of public interest shown in disclosure of documents).

## **Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g), Graphic has sought concurrence from counsel for Defendant, who provided consent to the granting of this Motion.

WHEREFORE, Graphic respectfully requests that this Court enter an order granting Graphic's motion for leave to seal, and file in paper format: (1) a combined

Motion and Memorandum of Legal Authority in Support of a Motion for Preliminary Injunction and Request for Oral Argument; (2) an Affidavit of Barry D. Biddle (including Exhibits A-D thereto); (3) an Affidavit of Tod R. Hoyme; and (4) an Affidavit of Earl M. Williams III.

Respectfully submitted, this 22nd day of October, 2010.

*s/Ryan R. Fuller*
Timothy J. McDermott, Esquire
Trial Counsel
Florida Bar No. 0747531
Email: timothy.mcdermott@akerman.com
Ryan R. Fuller
Florida Bar No. 635324
Email: ryan.fuller@akerman.com
AKERMAN SENTERFITT LLP
530 N. Laura Street, Suite 2500
Jacksonville, FL  32202
Phone: (904) 798-3700
Fax: (904) 798-3730

-AND-

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
(Co-Counsel)

Kirk W. Watkins (*pro hac vice*)
Email: kwatkins@wcsr.com
Michael A. Cicero (*pro hac vice*)
Email: mcicero@wcsr.com
271 17th Street, Suite 2400
Atlanta, Georgia 30363
Telephone:  (404) 872-7000
Facsimile:  (404) 870-8178

ATTORNEYS FOR PLAINTIFF,
GRAPHIC PACKAGING INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE**

I certify that on this day that a true and correct copy of the foregoing PLAINTIFF'S UNOPPOSED MOTION TO SEAL, AND TO FILE IN PAPER FORMAT, MOTION, MEMORANDUM AND THREE AFFIDAVITS REGARDING UPCOMING MOTION FOR PRELIMINARY INJUNCTION has been served in the manner indicated below and properly addressed to the following attorneys of record:

| | |
|---|---|
| ☐ By Hand<br>☐ By Facsimile<br>☒ By US Postal Service (1st Class)<br>☐ By Overnight Delivery<br>☒ By Email | Gregory F. Ahrens<br>P. Andrew Blatt<br>WOOD HERRON & EVANS LLP<br>441 Vine Street<br>2700 Carew Tower<br>Cincinnati, OH  45202-2917 |
| ☐ By Hand<br>☐ By Facsimile<br>☒ By US Postal Service (1st Class)<br>☐ By Overnight Delivery<br>☒ By Email | R. Kyle Gavin, Esq.<br>kgavin@lilesgavin.com<br>LILES, GAVIN, CONSTANTINO, GEORGE & DEARING, P.A.<br>225 Water Street, Suite 1500<br>Jacksonville, Florida  32202 |

Dated this 22nd day of October, 2010.

                                                          *s/ Ryan R. Fuller*
                                                        Ryan R. Fuller
                                                        Email: ryan.fuller@akerman.com