**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GRAPHIC PACKAGING
INTERNATIONAL, INC.,

        Plaintiff,

vs.                                               Case No. 3:10-cv-891-J-JBT

C.W. ZUMBIEL CO.,

        Defendant.

---

**ORDER**

Plaintiff Graphic Packaging International, Inc. ("Graphic") brought suit against defendant C.W. Zumbiel, Co. ("Zumbiel") for allegedly infringing two patents owned by Graphic. This case is before the Court on Plaintiff's Unopposed Motion to Seal, and to File in Paper Format, Motion, Memorandum and Three Affidavits Regarding Upcoming Motion for Preliminary Injunction ("Motion to Seal"). (Doc. 11.)

In its Motion to Seal, Graphic seeks to file its motion for preliminary injunction entirely under seal. It supports this unusual request with two basic arguments. First, Graphic asserts that sealing is necessary to protect its relationship with a customer because the documents will reflect "less-than-flattering conduct" on the part of the customer's employees. (Id. at 7.) Second, Graphic states sealing is necessary "to protect against the disclosure of financial information that could negatively impact Graphic's pricing with other customers" and to prevent the disclosure of the terms of its confidential agreement with a customer. (Id. at 5.)

The filing of documents under seal is disfavored by the Court. As the Eleventh Circuit has explained, "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted). "A motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access." Id. at 1246 (quotation omitted). Because Graphic brought this case and its motion will ask this Court to exercise its power to enter an injunction, it is subject to the public right of access.

"The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Id. (quoting Chicago Tribune v. Bridgestone/Firestone, 263 F.3d 1304, 1313 (11th Cir. 2001)). When balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246. Moreover, the parties' desire to seal court documents "is immaterial" to the public right of access. Brown v. Advantage Eng'g, 960 F.2d 1013, 1016 (11th Cir.1992).

When balancing these interests, courts have held that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to

further litigation will not, without more, compel the court to seal its records." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006); see Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998); Cent. Nat'l Bank of Mattoon v. U. S. Dep't of Treasury, 912 F.2d 897, 900 (7th Cir. 1990); Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1179 (6th Cir. 1983).  Graphic's interest in protecting its customer from the embarrassment that would result from making the customer's "less-than-flattering conduct" public is therefore not sufficient to outweigh the public right of access.

Courts have found that a company's interest in the privacy of its financial records and the terms of confidential agreements, however, often outweigh the public right of access. See, e.g., Jazz Photo Corp. v. United States, 439 F.3d 1344, 1358 (Fed. Cir. 2006); In re Boston Herald, 321 F.3d 174, 190 (1st Cir. 2003); Vista India, Inc. v. Raaga, LLC, No. 07-1262, 2008 WL 834399, at *2-3 (D. N.J. March 27, 2008).  This Court likewise holds that Graphic's interest in maintaining the confidentiality of its financial information and the terms of its contractual relationship with its customer outweigh the public's interest in accessing the documents.[1]

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Seal (Doc. 11) is **DENIED** in part and **GRANTED** in part, as

---

[1] It is unclear, however, whether the documents that Graphic seeks to file would actually disclose any details regarding its confidential agreement.  Although the Motion to Seal states that sealing is necessary to "ensure protection against public disclosure of details concerning the contractual relationship," it also states that the documents do "not divulg[e] the terms of the agreement."  (Doc. 11 at 5, 7.)

follows:

1. Graphic may file a redacted version of the motion for preliminary injunction and supporting exhibits in the public docket. Graphic may redact its filings only to the extent necessary to preserve the confidentiality of its financial information and the terms of its customer agreements.

2. If Graphic files any redacted documents, it must also submit unredacted versions under seal. The Clerk shall maintain these unredacted papers under seal until further Order. At the conclusion of this action, including any appeals, the parties shall address the disposition of these documents filed under seal in accordance with Local Rule 1.09.

3. Graphic shall provide a courtesy copy of its unredacted motion and all exhibits, including those submitted under seal, to the Court.[2]

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of October, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:

counsel of record

---

[2] The Court is uncertain how this ruling will affect the parties' scheduling agreement. (Doc. 14.) Moreover, the Court is willing to reconsider this issue if Graphic can better explain itself.