UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRAPHIC PACKAGING
INTERNATIONAL, INC.,

    Plaintiff,

v.                                                                                                       CASE NO. 3:10-cv-891-J-37JBT

C.W. ZUMBIEL CO.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Portions of the Supplemental Expert Report of Dr. Robert M. Kimmel Relying on Prior Art Not Identified by Defendant ("the Motion") (Doc. 76) and Defendant's response in opposition to the Motion ("the Response") (Doc. 79).

This is a patent infringement case (Doc. 1), in which Defendant challenges the validity of Plaintiff's asserted patents (*see, e.g.*, Doc. 55). The Court set a deadline of March 11, 2011 for Defendant to "identify the prior art it relies upon for its invalidity defense." (Doc. 40.) In the Motion, Plaintiff seeks an order striking those portions of the Supplemental Expert Report of Dr. Robert M. Kimmel on the Invalidity of the Asserted Claims of U.S. Patent 7,134,551 ("Dr. Kimmel's Supplemental Expert Report") (Doc. 76-2), in which Dr. Kimmel relies on two particular pieces of prior art that were disclosed after the March 11, 2011 deadline set by the Court. (Doc. 76.) Plaintiff also requests that Dr. Kimmel be precluded from testifying at trial on any opinion based on the untimely disclosed prior art. (*Id.*) For the reasons stated herein, the Motion is due to be **DENIED**.

I.      **Background**

In this patent infringement action, Plaintiff contends that Defendant is infringing the claims of U.S. Patent No. 7,134,551 ("the '551 Patent").  (Doc. 1.)[1] Defendant has asserted since early in this case, and continues to assert, that the '551 Patent is invalid for failure to meet one or more of the requirements for patentability under the Patent Act, 35 U.S.C. § 1 *et seq*.  (Docs. 23, 24, 39, 55 & 81.)  Among other arguments, Defendant asserts that the '551 Patent is invalid because it is anticipated (35 U.S.C. § 102) or obvious (35 U.S.C. § 103) in view of prior art.  (Docs. 23, 24, 39, 55 & 81.)

There is an ongoing priority dispute between the parties regarding the '551 Patent and certain prior art asserted by Defendant in support of its invalidity arguments. For instance, on November 15, 2010, Defendant asserted U.S. Patent Publication No. 2004/0089671 ("the '671 Publication") as prior art to the '551 Patent.  (Doc. 24 at 8.) The parties agree that the earliest effective filing date for the '671 Publication is November 7, 2002.  (Doc. 35 at 8; Doc. 79 at 4.)  On December 15, 2010, Plaintiff responded, stating that the '671 Publication was not prior art to the '551 Patent because the inventor of the '551 Patent, Mr. Glen Harrelson, had conceived and reduced to practice the subject matter of the claims of that patent at least as early as November 5, 2002.  (Doc. 35 at 9; Doc. 35-2 at 62-65.)  On January 6, 2011, Defendant responded, asserting that Charles A. Miller, the sole inventor listed on the '671

---

[1] Plaintiff also contends that Defendant is infringing the claims of U.S. Patent No. 7,780,003.  (Doc. 1.)  However, because the Motion relates only to the '551 Patent, the Court will limit its discussion to that patent.

Publication, had conceived and reduced to practice the invention contained in that publication as early as February 2002. (Doc. 39 at 3.)

After the parties submitted their case management report, the Court entered an order on January 10, 2011, which stated among other things, "No later than March 11, 2011, [Defendant] will identify the prior art it relies upon for its invalidity defense." (Doc. 40.) On March 11, 2011, pursuant to that Order, Defendant served on Plaintiff its identification of prior art ("the Original Identification of Prior Art") (Doc. 76-1). The Original Identification of Prior Art did not include the Miller Toe Saver Carton ("the Toe Saver Carton") or GPI's Fridge Vendor Carton ("the Fridge Vendor Carton") (*compare* Doc. 76-1 *with* Doc. 79-3), which are the focus of the present Motion.

On April 18, 2011, after construing the disputed claims of the '551 Patent (Doc. 58), the Court entered a case management and scheduling order (Doc. 59). The initial case management order was eventually superseded on July 7, 2011, by the Amended Case Management and Scheduling Order. (Doc. 72.) Pursuant to the Amended Case Management and Scheduling Order, the discovery deadline was September 9, 2011, Plaintiff's disclosure of expert reports was due by September 16, 2011, and Defendant's disclosure of expert reports was due by September 23, 2011. (*Id.*)

It appears that the parties conducted extensive discovery throughout July and August 2011 in order to comply with the Court's case management deadlines. (*See* Doc. 76 at 2.) Defendant deposed Plaintiff's Federal Rule 30(b)(6) witness on August 24, 2011, which, according to Defendant, is what "crystallized" for Defendant the need to rely on additional prior art, not disclosed on March 11, 2011. (Doc. 79 at 2, 4.)

3

Defendant served Plaintiff, on August 31, 2011, with amended discovery responses, in which it first indicated its intent to rely on the subject prior art. (*See* Doc. 76 at 2.) On September 8, 2011, Defendant served Plaintiff with Dr. Kimmel's Supplemental Expert Report. (Doc. 76-2.)[2] This report relies on two previously undisclosed pieces of alleged prior art: the Toe Saver Carton and the Fridge Vendor Carton. (*Id.*)

On September 12, 2011, Plaintiff filed the present Motion. (Doc. 76.) On September 13, 2011, Defendant served Plaintiff with its supplemental identification of prior art ("the Supplemental Identification of Prior Art"), which included the Toe Saver Carton and the Fridge Vendor Carton. (Doc. 79-3.) On September 16, 2011, Plaintiff served Defendant with the Supplemental Rebuttal Expert Report Regarding Patent Validity by Sterling Anthony on Behalf of Plaintiff Graphic Packaging International, Inc. ("Mr. Anthony's Supplemental Expert Report") (Doc. 83-6 at 37-82; Doc. 83-7 at 1-56).[3] This report addressed and rebutted, among other things, Dr. Kimmel's contentions of invalidity based on the Toe Saver Carton and the Fridge Vendor Carton.

## II.   Standard

If a party or its attorney fails to obey a scheduling or other pretrial order, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)."

---

[2] Defendant had previously served Plaintiff with two other expert reports (*see* Doc. 83-2 at 1-134), which are not pertinent to the Motion.

[3] Plaintiff had also previously served Defendant with two other expert reports by Mr. Anthony. (*See* Doc. 83-1 at 3-125; Doc. 83-3 at 1-84; Doc. 83-4 at 1-22; Doc. 83-5 at 1-46.)

FED. R. CIV. P. 16(f)(1).[4] Among other possible sanctions, Rule 37(b)(2)(A) allows the Court to prohibit a party "from introducing designated matters in evidence." FED. R. CIV. P. 37(b)(2)(A)(ii).[5]

However, as a general matter, "the Court vastly prefers to decide cases on their merits," rather than exclude evidence. *Collins v. United States*, 2010 WL 4643279, at *5 (M.D. Fla. Nov. 9, 2010) (citation omitted). Moreover, "[t]he exclusion of critical evidence is an extreme sanction which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Kotes v. Super Fresh Food Mkts., Inc.*, 157 F.R.D. 18, 20 (E.D. Pa. 1994) (citation omitted).

There appears to be only limited guidance from the Eleventh Circuit on the preclusion of evidence pursuant to Rules 16(f) or 37(b)(2)(A).[6] For instance, in *United States v. Samaniego*, the Eleventh Circuit stated:

---

[4] Although Plaintiff asserts that Rule 16(b)(4)'s "good cause" standard applies, the Court disagrees and finds that Rule 16(f) provides the appropriate standard. The "good cause" standard applies when a party seeks to modify a schedule, *see* FED. R. CIV. P. 16(b)(4), and here, no party has sought to modify the schedule. The Court has been hampered somewhat because neither party addressed the appropriate standard. Nevertheless, the Court believes the proper course is to decide the Motion rather than order supplemental memoranda.

[5] Rule 37(b)(2)(A) provides other types of sanctions as well. However, the only relief Plaintiff has sought is that the Court strike those portions of Dr. Kimmel's Supplemental Expert Report (Doc. 76-2) in which Dr. Kimmel relies on the untimely disclosed prior art, and preclude Dr. Kimmel from testifying at trial on any opinion based on that prior art. (Doc. 76.)

[6] As previously indicated, neither party supplied the Court with case law on this issue.

> Rule 16(f) sanctions were "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." And district courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or direction that justifies a sanction.

345 F.3d 1280, 1284 (11th Cir. 2003) (citation omitted). The Eleventh Circuit also stated that "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (citation omitted).

Another court has set forth the following four factors to consider when deciding whether to exclude a witness's testimony pursuant to Rule 16(f) and/or Rule 37(b)(2):

> (1) The prejudice or surprise in fact of the party against whom the excluded witnesses are to testify;
> (2) The ability of that party to cure the prejudice;
> (3) The extent to which the waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; and
> (4) Bad faith or willfulness in failing to comply with the court's order.

*Kotes*, 157 F.R.D. at 20 (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). Although the Court recognizes that the *Kotes* case does not constitute binding precedent, and that it addressed a slightly different situation of a witness that was untimely disclosed, the Court finds the reasoning of *Kotes* persuasive and will apply the factors set forth therein as applicable.

In addition, the Court has located one particularly pertinent opinion in a patent case, in which the court considered whether to disregard the plaintiff's evidence of prior art pursuant to Rule 16(f) because the plaintiff disclosed that evidence after the deadline for doing so: *Unique Industries, Inc. v. 965207 Alberta Ltd.*, 764 F. Supp. 2d

6

191 (D.D.C. 2011). In that case, the court found that the late disclosure did prejudice the defendant, who had not been able to address the untimely disclosed evidence in its summary judgment motion. *Id.* at 203. The court found that the plaintiff's failure to timely disclose the evidence "resulted from the plaintiff's lack of diligence in investigating its case." *Id.* at 202. However, the court also described the plaintiff's untimely disclosure as "an act reeking of gamesmanship and bad faith." *Id.* at 203. On those facts, the court refused the defendant's request to disregard the untimely disclosed evidence in ruling on the parties' then-pending summary judgment motions. In doing so, the court explained:

> [T]he Federal Rules authorize the court to dismiss the plaintiff's claims in whole or part or prohibit the plaintiff from relying on the evidence produced after the close of discovery as a sanction for its failure to comply with the court's scheduling order. The court, however, is not persuaded that such severe sanctions are appropriate here, despite the plaintiff's abusive conduct. The Supreme Court has "emphasized the importance to the public at large of resolving questions of patent validity." The evidence of prior art belatedly disclosed by the plaintiff has the potential at least to weigh heavily in the court's validity analysis.

*Id.* at 204 (citations omitted).

Thus, in addition to courts' typical heavy preference in favor of not excluding evidence, so that cases can be decided on their merits, that preference is even stronger in patent cases, where not just the parties, but the public, has an interest in the correct resolution of the dispute. Like the court in *Unique Industries*, this Court recognizes the importance of resolving questions of patent validity on their merits. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971)). The Court also recognizes the potential

7

importance of the subject prior art to deciding the patent validity question in the present case.

III.   **Analysis**

Plaintiff asserts in the Motion that it will be prejudiced if the Court allows Defendant to rely on the subject prior art. (Doc. 76 at 5.) It states, "If Zumbiel is allowed to rely on these untimely disclosures, Graphic Packaging would be faced with the impossible choice of proceeding without the opportunity to take discovery regarding these new theories and submitting to trial by ambush or delaying final resolution of this matter, further jeopardizing its rights as a patent holder." (*Id.*)[7] However, Plaintiff provides no specific support for that conclusion. Moreover, it does not appear that Plaintiff will be unfairly prejudiced, as Defendant's expert, Mr. Anthony, has already submitted a rebuttal report, which responds to the merits of Dr. Kimmel's Supplementary Expert Report, including his opinions based on the Toe Saver Carton and the Fridge Vendor Carton. (*See* Doc. 83-6 at 42-43, 64-68.) Further, Plaintiff has filed Mr. Anthony's Supplemental Expert Report in support of its pending summary judgment motion. (Doc. 83-6 at 37-82; Doc. 83-7 at 1-56.) Given these circumstances, allowing Defendant to rely on the subject prior art will not subject Plaintiff to "trial by ambush" or otherwise unfairly prejudice Plaintiff. Therefore, the consideration of prejudice, which is perhaps the preeminent factor, weighs against granting the Motion.

Because the Court finds that Plaintiff will not be prejudiced by allowing Defendant

---

[7] According to Defendant, Plaintiff never sought to re-depose Dr. Kimmel. (Doc. 79 at 7.)

to rely on the subject prior art, the second factor in *Kotes* of "[t]he ability . . . to cure the prejudice" is not applicable.[8] The third factor set forth in *Kotes* also weighs in favor of allowing the evidence since to do so will not disrupt the "orderly and efficient trial of the case." *Kotes*, 157 F.R.D. at 20. Moreover, the Court does not find that the integrity of the discovery process has been compromised. *See Gratton*, 178 F.3d at 1374.

As to the fourth *Kotes* factor, it does not appear that Defendant acted in bad faith or willfully violated the Court's order. As part of the parties' ongoing priority dispute, Plaintiff stated in its supplemental preliminary injunction brief, on December 15, 2010, that the inventor of the '551 Patent, Mr. Harrelson, had conceived and reduced to practice the subject matter of the claims of that patent at least as early as November 5, 2002 (Doc. 35 at 9; Doc. 35-2 at 62-65), which was just two days prior to the earliest effective filing date for the '671 Publication previously asserted by Defendant (Doc. 24 at 8; Doc. 35 at 8.) Defendant asserts that it "had no way of testing the veracity of the Harrelson invention disclosure until Zumbiel took the 30(b)(6) deposition of GPI on August 24, 2011, on the topic of the conception and reduction to practice of the invention disclosed and claimed in the '551 patent." (Doc. 79 at 4.) Although the Court does not find this explanation entirely satisfactory,[9] the Court finds no reason to believe

---

[8] In addition, because Plaintiff's allegations of prejudice are so vague and general, the Court cannot conclude that there is no way to cure any prejudice.

[9] While the Court understands that Defendant would not want simply to accept at face value Plaintiff's asserted date of conception and reduction to practice, Defendant has not convinced the Court that it was diligent in pursuing this matter, given that it was on notice of Plaintiff's asserted date on December 15, 2010. For example, even assuming that deposing Plaintiff's 30(b)(6) witness was the only way for Defendant to confirm the
(continued...)

that Defendant acted in bad faith or willfully delayed in asserting the subject prior art. At most, it appears that the delay was a result of Defendant's lack of diligence. Thus, this factor also weighs against granting the Motion.

Additionally, there was a much stronger argument to be made for excluding evidence in the *Unique Industries* case than there is here. For instance, unlike in the present case, the court in *Unique Industries* found that the late disclosure did prejudice the defendant, who had not been able to address the untimely disclosed evidence in its summary judgment motion. 764 F. Supp. 2d at 203. Similar to the present case, the court found that the plaintiff's failure to timely disclose the evidence "resulted from the plaintiff's lack of diligence in investigating its case." *Id.* at 202. However, the court also described the plaintiff's untimely disclosure as "an act reeking of gamesmanship and bad faith." *Id.* at 203. Even on those facts, the court refused the defendant's request to disregard the untimely disclosed evidence in ruling on the parties' then-pending summary judgment motions. Thus, the *Unique Industries* case also counsel's against granting the Motion.

## IV. Conclusion

In conclusion, the Court will not strike the portions of Dr. Kimmel's Supplemental Expert Report (Doc. 76-2) in which he relies on the subject prior art, or preclude him from testifying at trial based on that prior art. As discussed above, this result is

---

(...continued)
need to rely on additional prior art, Defendant has not sufficiently explained why it could not depose Plaintiff's 30(b)(6) witness prior to August 24, 2011. As stated above, however, there is no indication of bad faith or willfulness.

supported by application of the *Kotes* factors, as well as by the *Unique Industries* opinion. This result is also supported by the Eleventh Circuit's statements on the policy behind Rule 16(f) and Rule 37 sanctions, as allowing Defendant to rely on the subject prior art will not unfairly prejudice Plaintiff and the "integrity of the discovery process" appears intact. *Gratton*, 178 F.3d at 1374. Finally, this result is supported by the recognition that the exclusion of evidence is an extreme sanction, and that all cases, but especially patent cases, are best decided on their merits.[10]

Upon due consideration, it is **ORDERED**:

The Motion (**Doc. 76**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on November 3, 2011.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to: Counsel of Record

---

[10] Rule 16(f) also generally provides for the imposition of fees and costs except in certain circumstances. FED. R. CIV. P. 16(f)(2). In this case, there are several circumstances that make an award of expenses unjust, including Plaintiff's failures to rely on or cite Rule 16(f), request an award of expenses or give any indication that any expenses have been incurred, and if so, how.