UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GRAPHIC PACKAGING
INTERNATIONAL, INC.,

    Plaintiff,

v.                                    CASE NO. 3:10-cv-891-J-37JBT

C.W. ZUMBIEL CO.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendant C.W. Zumbiel Co.'s Motion Requesting Review of the Clerk's Taxation of the Costs in Graphic Packaging International, Inc.'s Second Amended Bill of Costs ("Defendant's Motion") (Doc. 209) and Plaintiff Graphic Packaging International, Inc.'s Unopposed Motion Requesting Review of the Clerk's Taxation of Costs Pursuant to Graphic Packaging Inc.'s Second Amended Bill of Costs ("Plaintiff's Motion") (Doc. 211).

Regarding Defendant's Motion, the parties have agreed on the amount of costs to be taxed, except for a sum of $18,959.51. Plaintiff states that this sum "represent[s] costs for preparing electronic copies of exhibits, including copies with

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

digital enhancements, that were projected on screens during a patent infringement trial." (Doc. 213 at 5.) Plaintiff contends that these costs are taxable because they qualify as "costs of making copies of any materials" pursuant to 28 U.S.C. § 1920(4). Defendant opposes these costs on the ground that they do not qualify as "making copies" under the statute, and instead were incurred for "creating original documents." (Doc. 216 at 3.) For the reasons stated herein, the Court finds Defendant's position well-taken and recommends that these costs be denied and that Plaintiff be awarded the agreed-upon amount of costs of $43,684.00.

Plaintiff's Motion concerns post-judgment interest on costs. As to that Motion, the Court recommends that the costs awarded to Plaintiff bear interest from the original date of entry of judgment, February 2, 2012 (*see* Doc. 176), at the parties' agreed-upon and correct rate of 0.12 percent.

**I.     Background**

Following entry of judgment against Defendant (Docs. 176, 179), Plaintiff filed a Second Amended Bill of Costs in the amount of $95,728.08. (Doc. 197.) The Clerk then taxed those costs against Defendant. (Doc. 208.) On April 23, 2012, Defendant filed its Motion seeking review of the Clerk's taxation of costs. (Doc. 209.) On April 25, 2012, the Court entered an Order taking Defendant's Motion under advisement and directing the parties to confer further regarding the proper amount of taxable costs. (Doc. 210.) On April 27, 2012, Plaintiff filed its unopposed Motion regarding post-judgment interest. (Doc. 211.)

On May 21, 2012, the parties filed a Joint Notice Certifying Conference Among Counsel Regarding Bill of Costs ("Joint Notice"). (Doc. 212.) The parties reached agreement as to a number of cost items, totaling $39,324.99, but were unable to agree on the proper amount of "Fees for Making Copies." (*Id*. at 2.) As to that item, the parties agree that the sum of $4,359.01 is taxable for paper copies of exhibits used at trial, bringing the grand total of agreed-upon costs to $43,684.00. (*Id*. at 3.) However, the parties disagree whether an additional sum of $18,959.51 is taxable as "Fees for Making Copies." (*Id*. at 2.) In their Joint Notice, the parties also agreed that a post-judgment interest rate of 0.12 percent should apply to the amount of costs awarded by the Court. (*Id*.)

On the same day the Joint Notice was filed, Plaintiff filed its Opposition to Defendant's Motion ("Opposition"). (Doc. 213.) Defendant filed a Reply in Support of its Motion ("Reply") on June 1, 2012.[2] (Doc. 216.) This matter is now ripe for review.

**II.    Analysis**

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part that "costs—other than attorney's fees—should be allowed to the prevailing party." This provision "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v.*

---

[2] Both the Opposition and Reply were authorized by Court Orders. (*See* Docs. 210, 215.)

*Al Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (en banc). However, "a court may only tax costs as authorized by statute." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Therefore, a district court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

Plaintiff submitted three invoices on which the disputed amount of $18,959.51 is based. (Doc. 197-5 at 3-5; *see also* Doc. 213 at 6.) Plaintiff indicates that the disputed amount reflects only the following services charged on those invoices: 132 hours of "Graphic Development" work at $150 per hour and one half hour for a "Design Consultant" at $175 per hour. (Doc. 197-5 at 3-5; Doc. 213 at 6.) These three invoices total $21,449.84 after the subtraction of charges for animation design and art services not sought to be taxed and an adjustment of the amount of sales tax.[3] (Doc. 213-3 at 2.) Plaintiff then determined that 88.39 percent of the work represented by that dollar amount was "attributable to work done for images that started with a copy or scan [of] an existing document or trial exhibit" (Doc. 213-3 at 3) and that the remainder of the work was "created from scratch" (Doc. 213 at 8). Taking 88.39 percent of $21,449.84, Plaintiff arrived at its requested amount of $18,959.51. Thus, Plaintiff takes the position that so long as graphics start with a

---

[3] The total of $21,449.84 is computed as follows. The first invoice at issue charges $11,400 exclusive of the animation design and art services. (Doc. 197-5 at 3.) Adding sales tax of 7.81 percent, or $890.34, yields $12,290.34. (*See* Doc. 213-3 at 2.) The second and third invoices total $8,228.00 and $931.50, respectively. (Doc. 197-5 at 4, 5.) Adding $12,290.34, $8,228.00, and $931.50 yields $21,449.84.

4

copy or scan of an existing document, the cost of such graphics is recoverable, but if such graphics start without a copy or scan of an existing document, such costs are not taxable. The Court finds this position untenable.

Specifically, Plaintiff contends that the work arising from "a copy or scan [of] an existing document or trial exhibit" (Doc. 213-3 at 3) is taxable pursuant to 28 U.S.C. § 1920(4) as "costs of making copies of any materials." However, the description of the work as relating to graphics and design, and the hourly rate charged, reveal that the work was not confined to "making copies" as provided in the statute. Plaintiff indicates that the work began with a copy or scan and then involved "digital enhancements" (Doc. 213 at 5), "creation of graphics" (*id*. at 9), "Computer Design/Artist Time" (*id*. at 8), and "Art Director/Project Management" (*id*.). The Court recognizes that § 1920(4) was amended in 2008 to allow for costs of making electronic copies in addition to paper copies, but the amendment did not change the requirement that the costs be for "making copies." In the Court's view, the performance of graphics and design work goes significantly beyond the statutory language of "making copies." As Plaintiff indicates, this work "started with" (Doc. 213-3 at 3) or "stemm[ed] from" (Doc. 213 at 6) copies or scans and progressed much further, resulting in significant hourly charges greatly in excess of the costs of simply making copies.

Plaintiff has not cited any cases in this District interpreting the statute to encompass the type of work performed here. Instead, the cases indicate that the

5

statute is to be interpreted according to its plain language. *See, e.g.*, *Durden v. Citicorp Trust Bank, FSB*, Docket No. 3:07-cv-974-J-34JRK, 2010 WL 2105921 at *4 (M.D. Fla. Apr. 26, 2010) ("[N]ot all of the copying costs sought are what they purport to be. . . . [T]he costs Defendant seeks extend beyond mere copying. For example, Defendant . . . seeks binder costs, labeling costs, and costs for bates numbering documents. The Court finds these extraneous costs to extend beyond the scope of copying, and thus to be nontaxable . . . ."). Other courts also confine the statute to its language. *See, e.g.*, *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 169 (3d Cir. 2012) ("Section 1920(4) does not state that all steps that lead up to the production of copies of materials are taxable. It does not authorize taxation merely because today's technology requires technical expertise not ordinarily possessed by the typical legal professional.").

Based on the foregoing, the Court recommends that it lacks statutory authority to award costs for computer-enhanced documents merely because those documents began with a copy or scan of an existing document. The subject costs extend beyond simple copying and thus beyond the scope of 28 U.S.C. § 1920(4). Therefore, Defendant's Motion seeking review of the Clerk's taxation of costs (Doc. 209) should be granted to the extent that Plaintiff's costs be limited to the agreed-upon amount of $43,684.00 and that Plaintiff not be awarded the disputed amount

of $18,959.51.[4]

Plaintiff's Motion (Doc. 211) seeks an award of post-judgment interest on the applicable amount of costs pursuant to 28 U.S.C. § 1961. After Plaintiff filed its Motion, the parties reached agreement that the rate of 0.12 percent should apply to the award of costs from the original date of judgment. (Doc. 212.) The Court has independently verified that this rate is correct. Therefore, the Court will recommend that Plaintiff's costs bear interest at this rate from the judgment date of February 2, 2012.[5] *See generally Duchateau v. Camp Dresser & McKee, Inc.*, Docket No. 10-60712-CIV, 2012 WL 1069166 (S.D. Fla. Mar. 29, 2012).

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant's Motion (**Doc. 209**) be **GRANTED** to the extent that the Clerk's taxation of costs be reviewed and Plaintiff be awarded only the agreed amount of costs of $43,684.00 but not the disputed additional amount of costs of $18,959.51.

2. Plaintiff's Motion (**Doc. 211**) be **GRANTED** to the extent that Plaintiff's costs bear interest at the rate of 0.12 percent from February 2, 2012, the original

---

[4] To the extent that Plaintiff may imply that the disputed amount of costs may be awarded as "[f]ees for exemplification" pursuant to 28 U.S.C. § 1920(4), the Court rejects that argument as well. *See Kohus v. Cosco, Inc.*, 282 F.3d 1355, 1357-61 (Fed. Cir. 2002).

[5] Post-judgment interest accrues on taxable costs beginning on the date of entry of the original judgment. *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994).

date of entry of judgment.

**DONE AND ENTERED** at Jacksonville, Florida, on June 13, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Roy B. Dalton, Jr.
United States District Judge

Counsel of Record