**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GRAPHIC PACKAGING
INTERNATIONAL, INC.,

        Plaintiff,

vs.                                                          Case No. 3:10-cv-891-J-37JBT

C.W. ZUMBIEL CO.,

        Defendant.

**ORDER**

This cause is before the Court on Plaintiff Graphic Packaging International, Inc.'s ("GPI") Motion for Declaration of Exceptional Case Status and Incorporated Memorandum of Law (Corrected) (Doc. No. 204), filed on April 6, 2012. Defendant C.W. Zumbiel Co. ("Zumbiel") filed its Opposition (Doc. No. 206) on April 12, 2012. After its review of the parties' submissions, relevant law, and the trial transcript, the Court denies GPI's motion to declare this case exceptional.

Generally, patent infringement lawsuits are subject to the same rules that govern other federal litigation, in that each party bears its own expenses. *Merial Ltd. v. Intervet, Inc.*, 437 F. Supp. 2d 1332, 1335 (N.D. Ga. 2006). Pursuant to 35 U.S.C. § 285, however, the court may award reasonable attorney's fees to the prevailing party in exceptional cases.[1]

> A determination whether to award attorney fees under § 285 involves a two-step process. First, a district court must determine whether the prevailing party has proved by clear and convincing evidence that the

---

[1] The parties to this action do not dispute that based on the jury's verdict, GPI is the prevailing party.

> case is exceptional. *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003). . . . Second, if the district court finds the case to be exceptional, the court must then determine whether an award of attorney fees is appropriate and, if fees are appropriate, the amount of the award. *Cybor [Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc).]

*Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1323-24 (Fed. Cir. 2011).

An exceptional case typically involves "willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1321-22 (Fed. Cir. 2006). The courts can also consider the closeness of the case, the tactics of counsel, the good faith of the parties' conduct, and "any other factors contributing to imposition of punitive sanctions or to a fair allocation of the burdens of litigation." *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1380-81 (Fed. Cir. 2005); *see also Eon-Net*, 653 F.3d at 1324 (quoting *Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1106 (Fed. Cir. 2003) ("Litigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285.")). The Court of Appeals for the Federal Circuit has cautioned that an award of attorney's fees under § 285 is not intended to be an "ordinary thing in patent cases," and should be limited to circumstances in which it is necessary to prevent "a gross injustice" or bad faith litigation. *Forest Labs., Inc.*, 339 F.3d at 1329.

GPI bases its contention that the current case is "exceptional" on seven allegations of litigation misconduct:

2

> (1) The unfounded pursuit of an inequitable conduct claim forcing GPI to expend considerable resources despite allegations this Court found to "fall short of what is required . . .";
> (2) the conscious and persistent disregard of the Court's *Markman* and related ruling;
> (3) the intentional failure to supplement its technical expert's reports and departure from those reports to offer biased and improper opinions to the jury;
> (4) the intentional injection of prejudicial testimony by Zumbiel's corporate representative regarding the timing of the invention of the Zipper Park that required curative instruction;
> (5) the injection of prejudicial testimony by Zumbiel's corporate representative regarding a notice of allowance, for which Zumbiel denied intent, which the Court called "disingenuous";
> (6) the propagation of false date evidence by Keith Haupt by placing a misdated Post-It® Note on a carton alleged to be proof of prior conception, that was later shown to be made in the following year . . . ;
> (7) Zumbiel's late initiation of a petition for reexamination to subvert the validity determinations of this Court; [and]
> (8) Zumbiel's efforts to delay trial.

(Doc. No. 170, pp. 1 and 19.) In response, Zumbiel argues that "none of GPI's allegations, taken alone or in combination, demonstrate litigation misconduct by Zumbiel, much less meet the demanding standard of proving an exceptional case." (Doc. No. 184, p. 3.) The Court finds Zumbiel's arguments persuasive.

Zumbiel's conduct in this case does not rise to a level of litigation misconduct that warrants an award of attorney's fees and costs. There was no finding of willful infringement in this case. Although that alone is not dispositive of the issue, GPI has not made a sufficient showing to warrant labeling this case exceptional or to support the award of attorney's fees and costs of litigation. Though the parties in this case engaged in hard fought litigation tactics throughout the pendency of this litigation, none of their conduct was "exceptional" in that regard. For the most part, both sides

3

defended their respective positions throughout this litigation in apparent good faith. The Court therefore finds that GPI is not entitled to an award of attorney's fees and costs in this case.

**DONE** and **ORDERED** in Jacksonville, Florida on July 16, 2012.

_____
ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record